# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 99-CR-0097-002-CVE |
|  | ) (14-CV-0342-CVE-JFJ) |
| ELLIOT TOLES, | ) |
| Defendant. | ) |

## OPINION AND ORDER

On June 23, 2016, Elliot Toles filed an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 176). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

On August 6, 1999, a grand jury returned a superseding indictment (Dkt. # 2) charging Toles and DeMarques M. Morris with interference with commerce (counts one, four, and six), using and carrying a firearm in furtherance of a crime of violence (counts two, five, and seven), and bank robbery (counts three and eight). Counts six and seven were dismissed by plaintiff and defendants exercised their right to a jury trial on the remaining charges, and they were found guilty on counts one, two, three, four, five, and eight. Dkt. ## 100, 101. Toles received a sentence of 692 months imprisonment, and this included consecutive sentences of 300 months as to counts two and five for his convictions under 18 U.S.C. § 924(c). Dkt. # 125. The crime of violence that provides the basis

for defendant's § 924(c) convictions is interference with commerce in violation of 18 U.S.C. § 1951, also known as Hobbs Act robbery. Dkt. # 2. Defendant filed a notice of appeal, and his convictions and sentence were affirmed on appeal. Dkt. # 135. On March 9, 2009, defendant filed a motion to reduce or modify his sentence (Dkt. # 154), and the motion was dismissed for lack of jurisdiction. Dkt. # 156. On June 19, 2014, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Dkt. # 164) arguing that he was entitled to a sentencing reduction based on the Supreme Court's decision in Alleyne v. United States, 570 U.S. 99 (2013).

On June 23, 2016, defendant filed an amended § 2255 motion (Dkt # 176) arguing that he is entitled to relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and he asks the Court to vacate his convictions under 18 U.S.C. § 924(c).[1] He argues that Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c)(3). Dkt. # 176, at 4. In Johnson, the Supreme Court found that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion

---

[1] Defendant requested leave to withdraw his original § 2255 motion (Dkt. # 164), and he asked to proceed only with the Johnson claim asserted in his amended § 2255 motion. Dkt. # 175. The Court allowed defendant to withdraw his original § 2255 motion, and that motion is no longer pending. Id.

seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[2] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). The Court ordered plaintiff to respond to defendant's § 2255 motion. Dkt. # 177. Plaintiff filed a motion (Dkt. # 178) asking the Court to stay this case in light of a case pending before the Tenth Circuit, because it appeared that the Tenth Circuit would decide in United States v. Hopper, Appeal No. 15-2190, whether the reasoning of Johnson applied to the definition of "crime of violence" provided in § 924(c)(3). The Court stayed the case pending a ruling in Hopper. Dkt. # 179.

On June 7, 2018, the Court lifted the stay following decisions in Hopper and United States v. Salas, 889 F.3d 681 (10th Cir. 2018). Salas was issued before Hopper and, in Salas, the Tenth Circuit found that the residual clause of § 924(c)(3)(B) is unconstitutionally vague in light of the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). The Court appointed counsel to represent defendant and set briefing deadlines on defendant's § 2255 motion. Dkt. # 181. Before the response could be filed, the Tenth Circuit issued its decision in United States v. Melgar-Cabrera, 892 F.3d 1053 (10th Cir. 2018), in which the Tenth Circuit determined that Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). The elements clause, in part, defines a "crime of violence" as any offense that "has as an element the use,

---

[2] When calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

3

attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 924(c)(3)(A). The Tenth Circuit determined that the use or threatened use of violent force was a necessary element of Hobbs Act robbery, and Hobbs Act robbery qualifies as a "crime of violence" under § 924(c). Melgar-Cabrera, 892 F.3d at 1065-66.

Plaintiff argues that defendant's § 2255 motion is untimely based on the Tenth Circuit's decision in United States v. Greer, 881 F.3d 1241 (10th Cir. 2018). In Greer, the Tenth Circuit narrowly construed the new constitutional right recognized in Johnson and stated that Johnson merely allows a defendant to challenge the validity of a sentence under the ACCA. Id. at 1248. The defendant in Greer asked the Tenth Circuit to apply the reasoning of Johnson to the United States Sentencing Guidelines (USSG), but the Tenth Circuit found that this was not a true Johnson claim. Id. Defendant argues that Greer has been "possibly abrogated" and it would be "ill-advised for this Court to resolve the issue of timeliness before the Tenth Circuit resolves the fate of *Greer*." Dkt. # 184, at 5. Since defendant's reply was filed, the Tenth Circuit issued a decision in United States v. Pullen, 913 F.3d 1270 (10th Cir. 2019), finding that Johnson did not create a new rule of constitutional law that would allow a § 2255 claimant to challenge the residual clause of USSG § 4B1.2. In an unpublished decision, the Tenth Circuit found that a challenge to the definition of "crime of violence" contained in § 924(c)(3)(B)(ii) did not fall within the scope of the rule recognized in Johnson, and a defendant challenging his conviction under § 924(c) could not rely on Johnson to show that his motion was timely under § 2255(f)(3). United States v. Wing, 730 F. App'x 592 (10th Cir. Apr. 4, 2018).[3] The Court finds that defendant's challenge to his § 924(c)

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

convictions does not fall within the scope of the new rule of constitutional law recognized in Johnson, and he cannot rely on § 2255(f)(3) to show that his § 2255 motion is timely. Defendant argues that Greer has been called into question, but recent decisions by the Tenth Circuit have affirmed the holding of Greer that a Johnson claim must seek relief from a sentence imposed under the ACCA. Defendant was not sentenced under the ACCA and he has not asserted a Johnson claim. Defendant has not identified a Supreme Court decision other than Johnson that has been made retroactively applicable to cases on collateral review, and he has not shown that his § 2255 motion is timely under § 2255(f)(3). Defendant's motion was not filed within one year of the date that his convictions became final, and he cannot establish that his motion was timely under § 2255(f)(1). The Court has considered whether defendant's § 2255 motion could be timely under any other provision of § 2255(f), and neither § 2255(f)(2) nor § 2255(f)(4) could be applicable. Defendant has failed to show that his § 2255 motion is timely, and his motion (Dkt. # 176) should be dismissed as time-barred.

Plaintiff also argues that Melgar-Cabrera is dispositive of the claim raised in defendant's § 2255 motion. Defendant acknowledges that Melgar-Cabrera appears to foreclose his challenge to the validity of his convictions under § 924(c), but he seeks to preserve his argument that Melgar-Cabrera was wrongly decided. Dkt. # 184, at 3. The Court notes that defendant has challenged whether Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), and this argument is preserved for the purpose of appeal. However, Melgar-Cabrera is binding precedent and plaintiff is correct that Melgar-Cabrera would require the Court to reject defendant's challenge to the validity of his § 924(c) convictions if he had filed a timely § 2255 motion.

The Court has considered the claim raised in defendant's § 2255 motion (Dkt. # 176) and finds that his motion should be dismissed as time-barred. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 176) is **dismissed as time-barred**. A separate judgment of dismissal is entered herewith.

**DATED** this 12th day of July, 2019.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE